IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO, THE CIVIL SERVICE COMMISSION OF SAN FRANCISCO, and THE SAN FRANCISCO FIRE DEPARTMENT,<br><br>    Defendants.<br>_____/ | No. C 09-05503 JSW<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER** |

Now before the Court is the application for a temporary restraining order ("TRO") filed by Plaintiff Mark Johnson ("Plaintiff"). Having carefully reviewed the parties' papers and considered their arguments and the relevant authority, and good cause appearing, the Court hereby DENIES Plaintiff's application for a TRO.

## **BACKGROUND**[1]

Plaintiff claims his rights under the United States Constitution and state law were violated when he was denied a promotion to Battalion Chief in the San Francisco Fire Department ("Department") due to his performance on a Civil Service examination for the

---

[1] When faced with a motion for a preliminary injunction, the Court "is not required to make any binding findings of fact; it need only find probabilities that the necessary facts can be proved." *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1423 (9th Cir. 1984). The standards for a temporary restraining order and for a preliminary injunction are substantially the same. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir.2001). Accordingly, the facts recited herein are not to be considered final and binding on the rest of the proceedings.

position ("the H40 examination"). Plaintiff claims the administration of the H40 examination resulted in disparate impact against African Americans.

In this application for a TRO, however, Plaintiff seeks to enjoin the administration of the Civil Service examination for the position of Assistant Chief which is scheduled to begin on August 8, 2010 ("the H50 examination"). Plaintiff is not qualified or registered to take the H50 examination as, having not been promoted to Battalion Chief and passed a six-month probationary period, he is not eligible for the H50 examination. Regardless, Plaintiff contends that the administration of this advanced examination will cause him constitutional harm as it continues the practice and pattern of discrimination, limits his eligibility for promotion, and is an inherently faulty and unfair examination.

The Court shall address additional facts, as necessary, in the remainder of this order.

**ANALYSIS**

**A.    Standing Issues.**

Standing is a constitutional requirement of all federal courts, requiring plaintiffs to "demonstrate a personal stake in the outcome" in order to establish jurisdiction. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983) (citing *Baker v. Carr*, 369 U.S. 186, 204 (1962)). In *Lujan v. Defenders of Wildlife*, the Supreme Court set out a three-part test for standing: (1) "the plaintiff must have suffered an injury in fact;" (2) "there must be a causal connection between the injury and the conduct complained of;" and (3) "it must be likely that the injury will be redressed by a favorable decision." 504 U.S. 555, 560-61 (1992) (internal citations and quotations omitted). A plaintiff bears the burden of proving standing. *Id.* at 561. However, at the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, where it is presumed that general allegations embrace the specific facts necessary to support the claim. *Id.* If the plaintiff is the object of government action or inaction, "there is ordinarily little question that the action or inaction has caused him injury, and that a judgment preventing or requiring the action will redress it." *Id*. at 561-62.

An injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at

560 (internal citations and quotations omitted). In his complaint, Plaintiff does allege that he has suffered a deprivation of his constitutional rights to be free from discrimination. However, for the purposes of the application for temporary relief, it is unclear whether Plaintiff has satisfactorily claimed actual, concrete and particularized injury in the administration of the advanced H50 examination for which he is ineligible. The Court finds that, for the preliminary purposes of injunctive relief, Plaintiff has not stated a cognizable claim for imminent and concrete injury. The attenuated connection between the administration of the H50 examination, Plaintiff's possible success on the examination, and subsequent possible employment advancement is too speculative and attenuated to constitute a cognizable claim for imminent and concrete injury.

In addition, in order to establish standing, Plaintiff must also show causation, or that his asserted injury is "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Lujan*, 504 U.S. at 560. Because Plaintiff has failed to demonstrate a cognizable injury, there is no basis for his claim that such injury would be caused by the administration of the H50 examination.

Lastly, on the current record, Plaintiff has failed to meet his burden to demonstrate that any potential injury claimed in the alleged discrimination suffered from the improper administration of the H40 examination would be suffered by the potential candidates sitting for the H50 examination. *See id.* at 561 (holding that "it must be likely that the injury will be redressed by a favorable decision.").

Accordingly, Plaintiff has not meet his burden to establish that he has standing to pursue the injunctive remedy he seeks in his current application for a temporary restraining order. However, because of the early procedural posture of this case and the fact that the record is not sufficiently developed, the Court shall, in an abundance of caution, address Plaintiff's claim for injunctive relief on the merits.

**B.     Motion for Temporary Restraining Order.**

In order to obtain a temporary restraining order, as with a preliminary injunction, Plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer

3

irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council*, 129 S. Ct. 365, 374 (2008) (citations omitted). The *Winter* court also noted that because injunctive relief is "an extraordinary remedy" it "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 375-76 (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (*per curiam*)). Thus "[i]n each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'" *Id.* at 376 (citing *Amoco Production Co. v. Gambell*, 480 U.S. 531, 542 (1987)). "'In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction.'" *Id.* at 376-77 (citing *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982)).

**1. Likelihood of Success on the Merits.**

Although Plaintiff has submitted a significant volume of evidence in support of his application for a restraining order, none of the evidence indicates that the administration of the H50 examination (as opposed to the administration of the H40 examination) will result in discrimination against Plaintiff due to his race.[2] First, the reliance on disparate impact of the H40 test administration is questionable considering the operative complaint at the time of the application for a restraining order did not mention a claim under Title VII for which the analysis of disparate impact is relevant. Second, in order to prevail on a claim under 42 U.S.C. §§ 1981 or 1983, Plaintiff must prove that he has suffered intentional disparate treatment on account of his race. *See General Building Contractors Assn., Inc. v. Pennsylvania*, 458 U.S. 375, 387-390 (1982). In this matter, Plaintiff has neither alleged, nor proven intentional discrimination. Accordingly, Plaintiff has failed to demonstrate a likelihood of success on the merits of his current constitutional claims.

---

[2] The Court need not rule on Defendants' objections to the voluminous evidence improperly submitted by Plaintiff as the Court does not need evaluate that evidence for the purpose of resolving the current application. However, as the Court indicated at oral argument, counsel are admonished to follow the Federal Rules of Evidence when submitting evidence to the Court in support of any factual allegations.

4

To the extent Plaintiff contends that he has every intention of amending his complaint to add a cause of action under Title VII, on the current record, Plaintiff fails to meet his burden to demonstrate disparate impact for the H50 examination. The assessment that the success rate for African American individuals who took the H40 examination, although of questionable factual validity as they refer to that test, simply do not apply to the current examination Plaintiff seeks to enjoin here. The connection between the alleged act of discrimination in the administration of the earlier examination and the impending examination is too tenuous to demonstrate a disparate impact for the current examination. Although Plaintiff submits evidence indicating that the impending examination may be riddled with procedural errors, there is no evidence indicating that its administration will have a disparate impact on African Americans. Accordingly, Plaintiff has failed to demonstrate a likelihood of success on the merits of his proposed claims under Title VII.

**2.     Irreparable Harm.**

Plaintiff has the burden of showing a "likelihood of irreparable injury – not just a possibility – in order to obtain preliminary relief." *Winter*, 129 S. Ct. at 375. First, although Plaintiff makes a constitutional claim, his claim is essentially one for lost wages and benefits for a promotion that he alleges he was wrongfully denied. Lost wages alone do not constitute a claim for irreparable harm as money damages would be sufficient to remedy the wrong should one ultimately be found to have been committed. *See, e.g., Sampson v. Murray*, 415 U.S. 61, 90 (1974). Second, to the extent Plaintiff makes out a plausible claim for denial of his rights to the equal protection of the laws under the Fourteenth Amendment, the harm he alleges to have suffered is economic harm which is not irreparable as a matter of law. *See Vaqueria Tres Monjitas, Inc. v. Irizarry*, 587 F.3d 464, 484-85 (1st Cir. 2009) (holding that while certain constitutional violations are more likely to bring about irreparable harm such as infringements of free speech, association, privacy or other rights as to which temporary deprivation is viewed of such qualitative importance as to be irremediable by any subsequent relief, it cannot be said that violations of the right to due process and equal protection automatically result in irreparable harm). Plaintiff has not raised a presumption of irreparable harm and has not produced

5

evidence tending to demonstrate a substantial likelihood that the administration of the H50 examination will bring about irreparable harm.

Lastly, Defendants have indicated that, in conformity with the requirements of the Civil Service Rules, it is their intention to administer the promotional examinations at least every five years. (Request for Judicial Notice, Ex. A[3]; Declaration of Joanne Hayes-White ("Hayes-White Decl.") at ¶ 12.) Although Plaintiff urges the Court to disregard Defendants' contention, the probability that another promotional examination, will be administered in the near future for which Plaintiff may become eligible, eviscerates the likelihood of irreparable injury.

### 3. Balance of the Public Interest.

The last element in the analysis whether preliminary injunctive relief is appropriate is the balancing of harms and the public interest. *See Winter*, 129 S. Ct. at 374 (holding that a plaintiff seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.") Again, Plaintiff fails to meet his burden to demonstrate that administration of the H50 examination would harm the public interest. Defendants have set forth evidence that the lack of stability and consistency in appointments has adversely affected the Department. (*See, e.g.,* Hayes-White Decl. at ¶¶ 3, 4, 7, 11.) Plaintiff's submissions about the alleged rookie mistakes in several recent fires are not proof that the examination process for promotion, rather than the seniority process, works against the public interest. Not only is there a dubious logical connection between the recent fires and the Department's promotional process, but the evidence submitted is without proper foundation or relevance. The policy dispute over the proper method for appointing promotional positions within the Department does not rise to the level of constitutional harm against Plaintiff as an individual. Plaintiff has failed to demonstrate that enjoining the administration of the H50 examination would benefit the public interest. Defendants have proffered admissible evidence that the public interest would be served by

---

[3] Defendants' request for judicial notice of the Civil Service Rules is GRANTED. *See* Fed. R. Evid. 201(b).

continuing to abide by the Civil Service Rules and administer the examination. Accordingly, the balancing of harms and public interest favors the denial of Plaintiff's request for a temporary restraining order.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's application for a temporary restraining order.

**IT IS SO ORDERED.**

Dated: August 5, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE