UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mark Johnson, | No. C 09-5503 JSW (JL) |
|     Plaintiff, | |
|     v. | **ORDER** |
| City and County of San Francisco, et al., | |
|     Defendants. | |

### I. Introduction

All discovery has been referred by the district court (Hon. Jeffrey S. White) under 28 U.S.C. §636(b). The Court received the parties' joint statement, e-filed at Docket number 60, regarding their dispute over the terms of a protective order. The Court finds this matter suitable for decision without a hearing as provided by Civil Local Rule 7-1(b).

### II. Discovery Dispute

In its initial disclosures, the City identified, inter alia, documents comprising the actual test materials from the Battalion Chief examination at issue in this case, the scoring keys, and related documents. The letter dated November 3, 2010, attached as Exhibit A to the parties' joint statement, describes those documents in greater detail. The City indicated that it regarded these documents as highly confidential and informed the plaintiffs that it would produce copies once the parties agreed to the terms of a protective order.

The City proposed that the parties use the Northern District of California's form "Stipulated Protective Order For Litigation Involving Patents, Highly Sensitive Confidential Information, and/or Trade Secrets." The City's proposed stipulated protective order, based on this form, is attached to the parties' joint statement as Exhibit B.

Plaintiffs objected to the implementation of a protective order and the City's proposed protective order. However, in an effort to come to an agreement without Court intervention, the Plaintiffs offered the document attached to the joint statement as Exhibit C. On January 10, 2011, Plaintiffs proposed the protective order attached as Exhibit D, based on the Northern District of California's form "Stipulated Protective Order For Standard Litigation." After meeting and conferring extensively on this issue, both in person and by telephone and email, the parties have been unable to reach agreement on which form to use.

### III. Analysis

The Court carefully considered both sides' positions as articulated in their joint statement, the cases cited by both sides, and the proposed protective orders. The Court finds that Defendants fail to show good cause as required by Rule 26(c), Federal Rules of Civil Procedure, for the extremely restrictive proposed protective order which would normally apply to patents and trade secrets. The Court finds that Plaintiffs' position is the more reasonable approach, and that the cases upon which Defendants rely are factually and legally distinguishable from this case.

#### A. Defendants' cases are readily distinguishable.

For instance, in *Briscoe v. City of New Haven*, 2010 WL 166752 (D. Conn. Jan. 12, 2010), the examination and related documents had already been produced and plaintiff and his counsel were only admonished to keep the documents confidential while the parties met and conferred to draft a protective order to be approved by the court (*Id.* at *3); in *Ebbert v. Nassau County*, 2007 WL 674725 (E.D.N.Y. March 5, 2007), although the Plaintiffs "offered to enter into 'an extremely restrictive Protective Order which would limit dissemination to counsel and their expert witness,'" the parties were to, in good faith, come up with an

appropriate protective order to which the final outcome is unknown (*Id.* at * 10); in *Caban v. Sedgwick County Sheriff's Dept.*, 2000 WL 1480481 at *8 (D. Kan. May 18, 2000), the court only limited disclosure to plaintiff's counsel until the parties conferred and submitted a protective order; and *White v. City of San Diego*, 605 F.2d 455, 461 (9th Cir. 1979), is inapplicable because the objection to disclosure was an undisputed claim of privilege, a claim not made by the City in this case.

### B. The more restrictive protective order would be impermissibly prejudicial to Plaintiffs.

The Court finds that using the term "Highly Confidential – Attorney's Eyes Only," would create excessive burdens and extreme dissemination limits, prejudicial to Plaintiffs' prosecuting their case.

Such a designation would prevent Plaintiffs from meaningfully participating in their lawsuit; effectively close the trial to the public; dictate who Plaintiffs can call as witnesses; effectively allow the Defense to vet Plaintiffs' expert, eviscerate the work product privilege regarding any expert they may choose not to use, and require premature disclosure of the identity of any expert(s). If any designation is to be used, "Confidential" should suffice.

Additionally, the restrictions placed by the Oath that the Defense has offered to replace section 7.4(a) are not acceptable to Plaintiffs because they unreasonably limit whom Plaintiffs' can use as an expert, as the Oath effectively removes anyone with any connection to the Department.

The Court finds that the parties should be able to review the documents that the City regards as highly confidential. If precluded, Plaintiffs will be unable to verify that the examination produced is indeed the test they took; that the documents containing their answers are the complete answers they gave since the Department, admittedly, not only transcribed candidates' recorded responses, but also altered them; and that the transcriptions match the answers they gave, since the transcripts were edited for clarity. Plaintiffs would also be unable to advise their attorneys on their opinion of the examination, such as its administration, job relatedness, and scoring.

Further, Plaintiffs' need to review the examination, the scoring key, answers to the test, and related documents was clearly demonstrated during the Defense's recent deposition of Plaintiff Bryant. Among others, Defense counsel posed the following questions specifically related to the examination and related materials: What were the problems, as he saw them, with the examination? How did he know that the transcriptions of the answers from the oral portion of the examination were done so incorrectly, or a question to that effect? How did the critiques expressed by the raters/assessors of the examination affect his personal responses to the examination? In his personal responses to the examination, did he respond to the big-ticket items more than little-ticket items? How did his responses to interrogatory question number seven affect his examination results? (Question No. 7 requests the following: Identify all facts supporting your contention in paragraph 52 of your complaint that "there were a number of events surrounding the examination that were inconsistent with the UGESP, the Announcement, and the Civil Service Rules, which Plaintiffs also believe were in violation of State and Federal discrimination laws and/or Constitutions," including but not limited to a description of each event.) Plaintiff Bryant was unable to answer many of these questions because of his need to review the documents the Defense Attorney referred to in her questioning.

The Court finds that there is no reason why persons involved in the examination process who have already seen the examination, scoring key, and related materials should be precluded from participating in this lawsuit, such as: the scoring-key/answer-key committee members; members of the SFFD Examination Unit and other City employees involved in the examination process; examination raters/assessors; Chief Hayes-White; and any members of the Chief's appointed Command Staff involved. Furthermore, those who sat for the examination should not be precluded from attesting to the examination and their responses; and those of higher rank than Battalion Chief (BC), who will not again sit for a BC examination, should be allowed express their opinion on the subject matter of the examination, as there is no risk of contamination in this situation.


### IV. Conclusion and Order

Accordingly, Defendants' request for the Court to impose the extremely restrictive type of protective order usually employed in patent and trade secret cases is denied. The normal type of protective order for confidential information, as proposed by Plaintiffs at Exhibit D, shall be used.

IT IS SO ORDERED.

DATED: February 9, 2011

_____
JAMES LARSON
United States Magistrate Judge

G:\JLALL\CASES\CIV-REF\09-5503\Order-60.wpd