IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK JOHNSON, FRANCO CALZOLAI, and MICHAEL R. BRYANT,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO, THE SAN FRANCISCO FIRE DEPARTMENT, THE SAN FRANCISCO FIRE COMMISSION, and THE CIVIL SERVICE COMMISSION OF SAN FRANCISCO,<br><br>Defendants. | Case No.: CV 09-5503 JSW (JSC)<br><br>**ORDER RE: MOTION TO LIFT THE PROTECTIVE ORDER AND FOR A FINDING THAT CERTAIN DOCUMENTS ARE NO LONGER COVERED BY THE PROTECTIVE ORDER (Dkt. No. 107)** |

Now pending before the Court is Plaintiffs' Motion to Lift the Protective Order and For a Finding that Certain Documents are Not Covered by the Protective Order (Dkt. No. 107). Having carefully considered the parties' written submissions, the Court finds that oral argument is unnecessary and DENIES the motion.

**FACTUAL & PROCEDURAL BACKGROUND**

Plaintiffs are employees of the San Francisco Fire Department who allege that Defendants, the City and County of San Francisco, the San Francisco Fire Department, the

San Francisco Fire Commission and the Civil Service Commission of San Francisco (collectively referred to as "the City"), violated their civil rights under state and federal law when they were denied a promotion to Battalion Chief due to their performance on a Civil Service examination for the position.

As part of the discovery in this action, Defendants sought to designate as confidential certain documents comprising of the actual test materials from the Battalion Chief examination at issue in this case. Defendants proposed that the parties stipulate to a highly restrictive protective order akin to the stipulated protective orders used in patent litigation. Plaintiffs proposed the parties use the less restrictive form Stipulated Protective Order for Standard Litigation provided by the Northern District of California. On February 9, 2011, Magistrate Judge James Larson issued an order directing the parties to use the less restrictive standard protective order. (Dkt. No. 66). The stipulated protective order was entered on March 1, 2011. (Dkt. No. 68).

Defendants have produced over 32,000 pages of documents in this action, at least 15,184 of which have been designated as confidential. Plaintiffs object to the confidential designation and seek to lift or modify the stipulated protective order in this action. (Dkt. No. 107).

**LEGAL STANDARD**

Federal Rule of Civil Procedure 26(c) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." The district court has "broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984).

Although courts generally make a finding of good cause prior to issuing a protective order, a court need not do so if the parties stipulate to entry of a protective order. If the parties stipulate to a protective order without making a good cause showing, then the burden

of proof as to the confidentiality of the documents at issue remains with the party seeking protection. See Phillips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1211 n.1 (9th Cir. 2002). Where a party challenges the confidential designation of certain documents with particularity, then "the party opposing disclosure has the burden of establishing that there is good cause to continue the protection of the discovery material." In re Roman Catholic Archbishop of Portland in Oregon, 661 F.3d 417, 424 (9th Cir. 2011). The court has inherent authority to grant a motion to modify a protective order where good cause is demonstrated. See Phillips, 307 F.3d at 1213.

## ANALYSIS

The dispute before the Court concerns the over 15,000 pages of documents designated as confidential and produced pursuant to the protective order in this action. Defendants contend that these documents are confidential because they fall into two categories: 1) documents which contain information protected by third party privacy rights (because they include personal information such as home addresses and phone numbers); and 2) documents relating to the 2008 H-40 Battalion Chief promotional examination, including the test questions, candidate responses, answer keys, and rating sheets pertaining to this examination.

Plaintiffs' challenge to the confidentiality of these documents is two-fold. As an initial matter, Plaintiffs seek to have the entire protective order lifted on the ground that it is overly broad and the balance of public versus private interests favors disclosure of the documents at issue because public policy favors transparency and no particularized harm would result from disclosure of the documents. In the alternative, Plaintiffs challenge the protective order's application to certain documents based on Defendants' alleged failure to comply with the terms of the protective order: first, by publicly disclosing documents they had marked as confidential, and second, by failing to respond to Plaintiffs' challenge to the confidentiality of certain documents.

**A. Plaintiffs' Challenge to the Scope of the Protective Order**

The protective order in this action is based on the Northern District of California court approved form Stipulated Protective Order. The protective order allows any party to

designate items as "confidential," which is defined as items which qualify for protection under Rule 26(c). Under the protective order, a party may challenge the confidential designation by "providing written notice of each designation it is challenging and describing the basis for each challenge." (Dkt. No. 68, ¶ 6.2). The parties are then required to meet and confer regarding the dispute and "the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and if no change in designation is offered, to explain the basis for the chosen designation." Id. Only after engaging in this process may the parties seek judicial intervention.

Although courts generally disfavor blanket protective orders such as this, the court may upon a showing of good cause find that continued protection of materials subject to a blanket protective order is proper. First, the court must decide whether "particularized harm will result from disclosure of information to the public." Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1211 (9th Cir. 2002). Second, "if the court concludes that such harm will result from disclosure of the discovery documents, then it must proceed to balance the public and private interests to decide whether [maintaining] a protective order is necessary." In re Roman Catholic Archbishop of Portland in Oregon, 661 F.3d 417, 424 (9th Cir. 2011) (internal citations and quotations omitted).

The Court finds good cause for a protective order shielding from public disclosure the two categories of documents at issue here. See, e.g., Van v. Wal-Mart Stores, Inc., No. 08-5296, 2011 WL 62499, at *2 (N.D. Cal. Jan. 7, 2011).

### 1) Home addresses and phone numbers

Plaintiffs do not directly respond to Defendants' contention that documents containing the personal information (names, home addresses, and phone numbers) of the other H-40 Candidates should be designated as confidential. Rather, Plaintiffs contend that Defendants did not previously identify this as a basis for the confidentiality of any documents.[1] The

---

[1] As discussed below, the parties' interactions throughout the discovery process have often been at cross-purposes. As a result of Defendants' inadvertent production of confidential documents with their initial disclosures, Defendants have reproduced over three thousand

4

1  Court nevertheless will analyze whether there is good cause for a protective order shielding
2  this information from disclosure.
3      "Both federal and state courts have held that third party individuals have a privacy
4  interest in not having their names and personal information disclosed." DeArmand E. v. City
5  of Antioch, No. 08-1709, 2009 WL 1704686, at *2 (N.D. Cal. 2009). Courts often find that
6  this information is nonetheless discoverable in the context of a putative class action. See,
7  e.g., Artis v. Deere & Co., No. 10-5289, 2011 WL 2580621, at *4 (N.D. Cal. Jun. 29, 2011).
8  Even in that context–a context not present here–courts order the addresses and telephone
9  numbers produced subject to a protective order. See, e.g., Artis at *5 (ordering putative class
10 members' contact information produced subject to protective order which limits use to the
11 pending litigation); Putnam v. Eli Lilly & Co., 508 F.Supp.2d 812, 814 (C.D. Cal. 2002)
12 (ordering production of names, addresses, and telephone numbers of putative class members
13 subject to a protective order). Accordingly, the Court finds that as unrepresented non-parties
14 particularized harm would result from public disclosure of their personal information without
15 their knowledge or consent.
16     With respect to the balancing of the public and private interests in maintaining the
17 confidentiality of documents containing this information, individual privacy interests weigh
18 heavily in favor of maintaining the confidentiality of these documents as discussed above.
19 Similarly, while the public may have an interest in knowing who these individuals are, it does
20 not also have an interest in their addresses and phone numbers. The Court finds Plaintiffs'
21 statement that "public employees do not enjoy the same privacy rights as private employees"
22 wholly unpersuasive. (Dkt. No. 107, 22:24-26). Accordingly, the Court determines that the

---

25 pages of documents with different bates-stamp numbers on at least two occasions. The
parties' communications regarding the confidentiality of particular documents evidences a
26 lack of common understanding regarding which documents match up with a particular bate-
stamp number and thus comprise the evidentiary record in this case. This lack of common
27 understanding has given rise to numerous disputes, including portions of the underlying
28 motion. The Court strongly encourages the parties to sit down together and determine which
documents reflect the record herein.

privacy interests of these third parties are sufficient to justify designating documents in this category as confidential.

### 2) Examination Materials

Turning to those documents consisting of the examination materials, the Court finds that these documents are properly designated as confidential as well.  According to the City's Civil Service Rules, which have the force and effect of law pursuant to the San Francisco City Charter, the examination materials are confidential.  Further, the City developed these examination materials at great expense and effort and the materials lose their value if they are disclosed to promotional candidates before the examination.  Plaintiffs' argument that the examination materials are not confidential because the City should not reuse examination materials goes to the merits of Plaintiffs' allegations, not the confidentiality of the documents themselves.  To the extent that Plaintiffs allege that Defendants have waived the confidentiality of specific documents by producing documents that contain the same or similar information, Plaintiffs should follow the procedures set forth in the protective order at Section Six for challenging the confidential designation of a particular document.  (Dkt. No. 68).  Accordingly, the Court finds that particularized harm would result from disclosure of the examination materials.

As to the balancing of the public and private interests, the Court finds that Defendants' interest (and that of the third-parties) in maintaining the confidential nature of these documents outweighs Plaintiffs' generalized claims regarding the public interest in the documents disclosure.  Plaintiffs' arguments regarding the public interest in these documents are two-fold.

First, Plaintiffs argue that public policy favors transparency and the disclosure of documents regarding public agencies.  Plaintiffs contend that this is particularly true here because this lawsuit alleges discriminatory conduct with respect to the process whereby the City selects candidates for promotion within the Fire Department and the public has the right to know whether this process is valid.  Plaintiffs' arguments again go to the merits of their case rather than to the propriety of public disclosure of the particular documents at issue.  The

6

1  public may well have an interest in the outcome of the lawsuit, but it does not also follow that
2  itugh! have an interest in the City's confidential documents constituting the examination
3  materials.
4    Second, Plaintiffs argue that the sixty other candidates for the promotional
5  examination at issue are entitled to know if their rights have been violated.  However, to the
6  extent that any of the other candidates for the 2008 Battalion Chief examination seek to
7  challenge their results, they could obtain copies of these same documents through the
8  discovery process in their individual actions.  Nothing in the protective order limits an
9  individual's ability to obtain documents produced pursuant to this protective order in another
10 action.[2]
11   Accordingly, Plaintiffs have failed to mount a sufficient challenge to the protective
12 order as a whole and the Court finds that there is good cause for the protective order.  To the
13 extent that Plaintiffs seek to challenge the designation of specific documents, they may do so
14 under the procedures set forth in the protective order.

### B. **Plaintiffs' challenge to specific documents**

16   On March 14, 2011, Plaintiffs sent Defendants a letter objecting to the confidential
17 designation of certain documents.  (Dkt. No. 107-7).  In that letter and in the underlying
18 motion, Plaintiffs took the position that the protective order no longer applied to certain
19 documents because Defendants either previously produced the documents without a
20 confidential designation or publicly filed the documents in violation of the protective order.
21 The record before the Court on these issues is difficult to follow.

#### 1. **Documents Defendants inadvertently publicly filed**

23   As a result of a series of clerical errors, documents that Defendants intended to
24 designate as confidential were included as attachments to the City's Motion for Summary

---

[2] Similarly, Plaintiffs' argument that their ability to file claims relating to the examination has been prejudiced by the protective order is contradicted by the fact that they were actually able to file a claim with the City and County of San Francisco.  That the claim was denied as untimely is not the result of designation of the documents as confidential.

7

1  Judgment. Upon notice of the inadvertent filing, Defendants properly acted to have the
2  documents removed from the public filing. The Court finds that Defendants' actions in this
3  regard were sufficient to preserve the confidentiality of the documents.

### 2. Documents produced initially without a confidential designation

The dispute over those documents that Plaintiffs contend were initially produced without a confidential designation and then reproduced with a confidential designation presents a more difficult question. There seem to be two sets of documents, broadly speaking, which fall into this category. First, the three documents Defendants produced with their initial disclosures without a confidential designation and which Defendants subsequently sought to designate as confidential. Second, the documents listed in Plaintiffs' March 14, 2011 letter, which Plaintiffs also allege were produced with the initial disclosures without a confidential designation and then reproduced on March 4, 2011 with a confidential designation.

On July 9, 2010, Defendants produced over 3800 pages of documents as part of their initial disclosures. From this production, Defendants withheld documents it intended to designate as confidential subject to a protective order because the parties had yet to work out the terms of a protective order. On July 21, 2010, Defendants discovered that they had inadvertently included two confidential documents with their initial disclosures. On August 3, 2010, Defendants discovered that a third confidential document had been inadvertently produced with the initial disclosures when Plaintiffs publicly filed the document in support of their motion for a temporary restraining order. In each instance, upon discovering the inadvertent disclosure, Defendants sent Plaintiffs a letter seeking return of the inadvertently disclosed document. It appears that Plaintiffs have refused to return the confidential documents to Defendants contending that the documents are not confidential, even though at least one of the documents purportedly contains private information regarding non-party fire department employees.

The parties directly conflicting representation of the events leading up to this dispute and the contents of the three documents at issue (which were not provided to the Court) make

8

it difficult to resolve this dispute. Nevertheless, to the extent that these documents contain information that would otherwise render their contents confidential and subject to the protective order, the Court finds that Defendants' actions were sufficient to preserve the confidentiality of the documents at issue. Upon discovering the inadvertent disclosure, Defendants promptly notified Plaintiffs of their intent to designate those documents as confidential and sought the return of the documents. Furthermore, the parties subsequently stipulated to a protective order which provides that "[i]f timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection . . . for such material." (Dkt. No. 68 ¶ 5.3). The Court finds the inadvertent production of the documents prior to the parties executing the protective order does not constitute a waiver of the documents' confidentiality since Defendants took prompt remedial action to preserve the confidentiality of the documents.

The second category consists of those documents identified in Plaintiffs' March 14, 2011 letter as produced with Defendants' initial disclosures on August 20, 2010 without a confidential designation and then reproduced on March 4, 2011 with a confidential designation. They are as follows:

> documents bated CITY004378 – CITY004708 were recently reproduced with the 'CONFIDENTIAL' designation, such as CITY014410, CITY014426, CITY014442, CITY014457, and CITY014462. This also bodes true for the documents bated CITY0004160 - CITY004284, CITY004252 – CITY004260, and CITY 004264 – CITY004378, also reproduced with the CONFIDENTIAL' designation, such as CITY01391– CITY017398, CITY017418 – CITY017389, CITY017443 – CITY017466, CITY017466 – CITY017473, CITY017491 – CITY017496, and CITY017516 – CITY07523.

(Dkt. No. 107, p. 25). Defendants contend that the documents indentified above do not match any documents produced with their initial disclosures and submitted two sample pages to the Court to support their position that the documents identified as previously produced without a confidential designation are not the same as those produced on March 4, 2011 with a confidential designation. (Dkt. No. 113 ¶ 9, Ex. E). Without additional information and a side-by-side comparison of the documents it is impossible for the Court to make a

9

1  determination regarding this matter.  Further, it appears the parties have yet to meaningfully
2  meet and confer regarding this matter.  Accordingly, the parties should sit down and review
3  these documents together.  If the parties are unable to resolve this issue through meet and
4  confer, they may submit a joint letter brief describing the dispute in accordance with the
5  Court's Standing Order.

### 3. Documents Plaintiffs challenged under Section VI of the Protective Order

Finally, although not specifically referenced in their motion, Plaintiffs' March 14, 2011 letter also challenged the confidential designation of specific documents under the terms of the protective order.  Specifically, Plaintiffs stated that their "cursory review" of the production indicated that the following documents were not properly designated as confidential: CITY008043, CITY008050-CITY008064; CITY008067; CITY009396-CITY009398; CITY023220-CITY023224.  It does not appear that Defendants responded to Plaintiffs' challenge to these specific documents.  The parties' filings take conflicting views as to whether this issue was discussed during the parties' April 27, 2011 in person meet and confer, and in any event, there is no written response to Plaintiffs' specific challenge to these documents either in the motion or in correspondence exchanged between the parties following the March 14, 2011 order.  Accordingly, the parties shall meet and confer regarding this matter as well in accordance with Paragraph 6.2 of the Protective Order.  (Dkt. No. 68, ¶ 6.2).  If the parties are unable to resolve the dispute through the meet and confer process, then they may seek judicial intervention in accordance with the Court's Standing Order.

### CONCLUSION

For the reasons explained above, Plaintiffs' motion to lift the protective order in its entirety is DENIED.  Plaintiffs' request for a finding that certain specific documents are no longer covered by the protective order is DENIED without prejudice to renewal, if necessary, following the parties' meet and confer as discussed above.

Defendants' Administrative Motion to File Documents Under Seal (Dkt. No. 109) is GRANTED.

**IT IS SO ORDERED.**

Dated: January 12, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE