United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARK JOHNSON, FRANCO S. CALZOLAI, and MICHAEL R. BRYANT,

    Plaintiffs,

  v.

THE CITY AND COUNTY OF SAN FRANCISCO, THE CIVIL SERVICE COMMISSION OF SAN FRANCISCO, and THE SAN FRANCISCO FIRE DEPARTMENT,

    Defendants.

No. C 09-05503 JSW

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION TO AMEND**

Now before the Court is the motion for summary judgment filed by Defendants and the motion to file a second amended complaint filed by Plaintiffs. Having carefully reviewed the parties' papers and considered their arguments and the relevant authority, and good cause appearing, the Court hereby GRANTS Defendants' motion for summary judgment and DENIES Plaintiffs' motion to file a second amended complaint.

**BACKGROUND**

Plaintiffs claim their rights under the United States Constitution and state law were violated when they was denied promotions to Battalion Chief in the San Francisco Fire Department ("Department") due to their performance on a Civil Service examination for the

1 position ("the H-40 examination"). Plaintiffs claim the administration of the H-40 examination
2 resulted in disparate impact against African Americans.

3 The Court shall address specific, additional facts, as necessary, in the remainder of this
4 order.

## ANALYSIS

**A.    Motion for Summary Judgment.**

**1.    Legal Standard.**

A motion for summary judgment is guided by a different standard. Summary judgment is appropriate when the record demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). "[A]t the summary judgment stage the judge's function is not ... to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. A fact is "material" if it may affect the outcome of the case. *Id.* at 248. The party moving for summary judgment bears the initial responsibility of identifying those portions of the record which demonstrate the absence of a genuine issue of a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In the absence of such facts, "the moving party is entitled to a judgment as a matter of law." *Celotex,* 477 U.S. at 323.

Once the moving party meets this initial burden, the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). If the non-moving party fails to make this showing, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

**2.    Complaint Under Title VII is Untimely.**

Plaintiff Mark Johnson filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 18, 2008, alleging disparate impact and

2

disparate treatment on the basis of race as a result of the H-40 Battalion Chief examination. (Declaration of Gina M. Roccanova ("Roccanova Decl."), Ex. A (deposition of Mark Johnson) at 141:16-142:19; Ex. 22.) On December 10, 2008, Plaintiff Johnson received a notice of right to sue on that charge. (*Id.* at 142:24-143:14; Ex. 23.) Johnson did not file suit within 90 days of receiving the notice of right to sue. (*Id.* at 143:17-19.) However, on June 12, 2010, Johnson filed a second charge of discrimination, complaining of the "[s]ame thing" contained in the first charge. (*Id.* at 144:8-145:23; Ex. 24.) The allegations regarding the H-40 Battalion Chief examination are identical in both charges.

Plaintiff Michael Bryant filed a charge of discrimination with the EEOC on December 18, 2008, alleging disparate impact and disparate treatment on the basis of race as a result of the H-40 Battalion Chief examination. (*Id.*, Ex. C (deposition of Michael Bryant) at 151:4-152:6, 154:7-17; Exs. 15, 16.) On January 29, 2009, Plaintiff Bryant received a notice of right to sue on that charge. (*Id.* at 155:11-18; Declaration of Jesusa Bushong ("Bushong Decl."), ¶ 3; Ex. A.) Bryant did not file suit within 90 days of receiving the notice of right to sue. Rather, on July 6, 2010, Bryant filed a second charge of discrimination. (Roccanova Decl., Ex. C at 149:18-22, 150:1-5; Ex. 14.) In his second charge, Bryant repeats verbatim his allegations regarding the 2008 Battalion Chief examination. (*Id.* at Exs. 14 and 16.) Bryant admitted that he filed the second EEOC charge because the time for filing suit on the Battalion Chief examination charge had expired. (*Id.* at 152:4-12.)

Plaintiff Franco Calzolai filed a charge of discrimination with the EEOC and received a notice of right to sue on February 4, 2009. (Roccanova Decl., Ex. D (deposition of Franco Calzolai) Ex. 22; Bushong Decl., ¶ 4; Ex. B.) Plaintiff Calzolai confirmed that he had gone to the EEOC twice due to a "time issue," and that he had not filed a charge with the EEOC about anything other than the 2008 Battalion Chief examination. (*Id.* at 69:19-70:4, 70:25-71:5, 74:21-75:14, 73:3-6.)

To establish subject matter jurisdiction over a Title VII claim, the plaintiff must have exhausted his administrative remedies by filing a timely charge with the EEOC. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 644 (9th Cir. 2004). A plaintiff has 180 days from the

3

date of the alleged discrimination to file a complaint with the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1). Subject matter jurisdiction extends to all claims of discrimination that fall within the scope of the EEOC's actual investigation of an EEOC investigation that could reasonably have been expected to grow out of the charge. *See id.* Allegations of discrimination that are not included in the plaintiff's administrative charge may not reasonably be considered exhausted by the federal court. *Id.* In deciding whether a Title VII claim is reasonably related to the EEOC charge filed by the plaintiff so as to be administratively exhausted, the federal court "should consider such factors as the alleged basis of discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which the discrimination is alleged to have occurred." *Bill v. Berkeley United School District.,* 2004 WL 2075447, at *6 (N.D. Cal. Sept. 16, 2004) (citing *Vasquez*, 349 F.3d at 344-45).

The Court finds that, based on the evidence submitted, the three plaintiffs in this matter clearly filed their second successive round of EEOC charges in an effort to circumvent the statute of limitations. Should the Court permit the re-filing of the same factual charges in order to allow Plaintiffs to pursue the current complaint, the time limitations imposed would be rendered meaningless "because potential plaintiffs could evade those requirements simply by seeking additional right to sue letter whenever they please." *Lo v. Pan American World Airways, Inc.*, 787 F.2d 827, 828 (2d Cir. 1986) (holding that action was barred by time limitations where plaintiff, having failed to initiate a timely action within 90 days of receipt of first EEOC letter, secured a second letter based upon a charge involving exactly the same facts). Because in this instance, the second series of charges based on the H-40 Battalion Chief examination are identical to the first, time-barred charges, and plaintiffs have even testified that they filed their second round of EEOC charges in an effort to avoid the time limitations, the Court finds that this action is untimely. Accordingly, the motion for summary judgment is GRANTED on this basis.

4

### 3. Claim for Disparate Impact and Treatment Is Unsupported.

Although the Court finds that Plaintiffs' Title VII claims are barred by the passage of the statute of limitations, the Court has examined the record and finds that Plaintiffs' claims are without factual support. The Court will address, briefly, the merits of Plaintiffs' claims.

Plaintiffs attempt to allege a claim of racial discrimination based on their belief that the H-40 examination unfavorably discriminated against them as African-Americans. However, in cases involving promotional examinations, such as the one in this case, courts look at the eligibility of promotion based on the successful passing of the examination, not on the actual selection process itself. *See, e.g., City and County of San Francisco v. Fair Employment and Housing Commission*, 191 Cal. App. 3d 976, 981 n.3 (1987); *United Black Firefighters Ass'n v. City of Akron*, 81 F.3d 161, 1996 WL 125043 (6th Cir. Mar. 20, 1996). The number of actual promotions is not the measure, but rather the eligibility for such promotions.

In this matter, there is no dispute of fact that Plaintiffs were on the list of possible candidates eligible for promotions. The evidence in the record provides that the rule adopted by the Civil Service Commission also requires that the examination candidates be considered within bands of 74 points variance. (*See* Declaration of Joanne Hayes-White at ¶ 5, Ex. A.) The candidates who took the examination were available for promotional opportunities within a band of scores on the examination. In fact, Plaintiffs were recently eligible and received promotions under this paradigm. (*See id*. at ¶¶ 6, 7.) And, according to the undisputed evidence in the record, all of the African-American candidates who took the examination are currently eligible for promotions. (*Id.* at ¶ 8, Exs. A and B.)[1] As stated in the holdings in *City and County of San Francisco* and *United Black Firefighters*, promotion is subject to a number of other factors, including attrition within the current ranks of officers, attrition within the list of potential candidates for promotion, departmental growth, funding, and other variables.

---

[1] Plaintiffs' only response to the evidence in the record that banding is utilized is attorney argument that the Chief actually only made appointments off the examination list in rank order. (*See* Opp. Br. at 16:8-12.) Attorney argument is not evidence and, unsupported by any evidence, does not create a genuine issue of material fact. *See Flaherty v. Warehousemen, Garage & Service Station Employees' Local Union No. 334*, 574 F.2d 484, 486 n.2 (9th Cir. 1978) (assertions made in complaint, legal memoranda, or oral argument are not evidence and do not create issues of fact).

5

However, using eligibility as the measure, the Court finds there is no discernable statistical adverse impact on the basis of race. Accordingly, Plaintiffs' claim for disparate impact fails as a matter of law because they cannot show an adverse impact exists. *See* 42 U.S.C. § 2000e-2(k)(1)(A)(i).[2]

### 4. Claims for Retaliation Are Unsupported.

The Court finds defect in the merits of the claims for retaliation.

In order to prevail on a retaliation claim, a plaintiff must establish a prima facie case by demonstrating: (1) he or she engaged in a statutorily protected activity; (2) he or she suffered an adverse employment action; and (3) a causal connection exists between the protected activity and the adverse employment action. *Rav v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000); *Flait v. North American Watch Corp.*, 3 Cal. App. 4th 467, 476 (1992). As with a discrimination claim, the burden then shifts to the employer to show a legitimate nondiscriminatory reason for the adverse employment action. If the employer meets this burden, the plaintiff must then demonstrate that the employer's reason is a pretext. *Miller v. Fairchild Indus., Inc.*, 885 F.2d 498, 504 n.4 (9th Cir. 1989).

In this matter Plaintiffs allege that they engaged in protected activity when they opposed, reported, filed complaints about the alleged discrimination. (SAC at ¶¶ 121, 124,

---

[2] The Court also finds Plaintiffs have failed to make out viable claims under 42 U.S.C. §§ 1981 and 1983. To succeed on an equal protection claim, a plaintiff in a Section 1983 action must show that officials intentionally acted in a discriminatory manner. *See FDIC v. Henderson*, 940 F.2d 465, 471 (9th Cir. 1991). Regardless whether the Court permits the alternative pleading in a cause of action for violation of 42 U.S.C. § 1983, the Court finds there is no evidentiary basis for a finding of discrimination based on race in the application of the H-40 examination for promotional eligibility and therefore this claim fails as well.

The complaint also sets out a cause of action under 42 U.S.C. § 1981. This section prohibits race discrimination in the making and enforcement of employment contracts. *Johnson v. Railway Express Agency*, 421 U.S. 454 (1975). Race discrimination claimants often join claims under § 1981 with claims under Title VII. In order to prevail under a § 1981 claim for race discrimination, the plaintiff must prove that race was a "motivating factor" in the employment decision. Rights under § 1981 and Title VII are co-extensive. *London v. Coopers & Lybrand*, 644 F.2d 811 (9th Cir. 1981); *see also Anderson v. Douglas & Lomason Co., Inc.*, 26 F.3d 1277, 1284 n.7, *cert. denied* 513 U.S. 1149 (1994). Although the Court does not find an employment contract in the record, regardless, the Court finds that Plaintiffs fail to support a claim for race discrimination based the evidence presented in the record.

Plaintiffs' claims for failure to prevent discrimination fail on the same basis.

6

1 127.) In the opposition to summary judgment, Plaintiff Bryant argues that he was subjected to
2 adverse employment actions by not receiving two requested committee appointments. (Opp.
3 Br. at 24.) Plaintiff Johnson argues that he was subjected to adverse employment actions by his
4 placement on the examination eligibility list and the closure of a position for H-51 Assistant
5 Deputy Chief for which he had applied. (*Id.* at 25.) However, neither plaintiff provides either
6 an argument for or evidence supporting a causal link between the process of challenging the H-
7 40 examination procedures and results from December 2008 and the Department's decision not
8 to appoint Bryant to committees in March 2010 or to promote Johnson to Assistant Deputy
9 Chief in September 2009 or June 2010. There is simply no evidence of a nexus between the
10 protected activity and the alleged adverse employment actions. *See McGinest v. GTE Service*
11 *Corp.*, 360 F.3d 1103, 1124 (9th Cir. 2004) (affirming grant of summary judgment for
12 retaliation claim where plaintiff had proffered no evidence of a causal link between the
13 protected activity and denial of promotion).

14 Furthermore, the long passage of time between the alleged protected acts and Plaintiffs'
15 failure to receive committee appointments and promotions precludes drawing an inference of
16 retaliation. *See, e.g., Manatt v. Bank of Am.*, 339 F.3d 792, 802 (9th Cir. 2003) (holding that
17 nine-month period of time between protected activity and alleged retaliatory action was too
18 long to create an inference of retaliation); *see also Clark County Sch. Dist. v. Breeden,* 532 U.S.
19 268, 273 (2001) (per curiam) (noting that a court may not infer causation from temporal
20 proximity unless the time between an employer's knowledge of protected activity and an
21 adverse employment action is "very close" and citing cases for the proposition that a three-
22 month and four-month time lapse is insufficient to infer causation). Accordingly, Plaintiffs'
23 claims for retaliation fail as a matter of law.

24 **B.    Motion for Leave to Amend the Complaint.**

25     **1.    Legal Standard.**

26 Federal Rule of Civil Procedure 15(a) permits a plaintiff to amend their complaint, after
27 a responsive pleading has been served, by leave of court or by consent of the adverse party.
28 Rule 15(a) provides that leave to amend "shall be freely given." *See* Fed. R. Civ. Proc. 15(a).

7

The Ninth Circuit has stated that "[r]ule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Courts consider four factors to determine whether a motion for leave to file an amended complaint should be granted: bad faith; undue delay; prejudice to the opposing party; and futility of amendment. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). While these "factors are usually used as criteria to determine the propriety of a motion for leave to amend ... the crucial factor is the resulting prejudice to the opposing party." *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973).

In this matter, because the motion for leave to amend the complaint comes well after the Court-set deadline for amendment of pleadings, Defendants contend that the appropriate standard to apply is a showing of good cause to amend pursuant to Federal Rule of Civil Procedure 16(b)(4). In this matter, the Court's order setting the final schedule required that parties move to amend before the expiration of deadlines and to demonstrate "very good cause" for seeking to amend the Court's deadlines. (*See* Order dated June 29, 2010 at 2.)

**2.     Motion to Amend is Late and Prejudicial.**

Plaintiffs contend that they were only able to find out the information supporting their proposed new claims by virtue of the production by Defendants following a dispute over the scope of the parties' protective order. However, considering the timing of the production, the Court finds that their request is further delayed, without justification.

Plaintiffs concede that they received the documents upon which they seek to amend in the beginning of March of 2011. (Declaration of Mark Johnson at ¶ 5.) Yet, Plaintiffs waited another four months and until Defendants had moved for summary judgment, to file their motion to amend. Plaintiffs have failed to persuade the Court that the delay was reasonable or justified under the circumstances or that good cause exists to amend the schedule.

In addition, it is clear that starting this lawsuit over again, with a new defendant and fourteen new causes of action, after the close of discovery and nearly two years after filing suit, would cause Defendants undue prejudice. *See Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (holding that it was not an abuse of discretion for the district

8

court to deny a motion for leave to amend if permitting the amendment would cause undue delay in the litigation and prejudice the opposing party); *see also Solomon v. North American Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (holding that a motion to amend brought on the eve of the close of discovery prejudices the opposing party).

Accordingly, the Court DENIES Plaintiffs' motion to amend on this basis.

### 3. Motion to Amend Seeks to Add Futile Claims.

In addition, the Court finds that the claims Plaintiffs seek to add are futile on the merits. The Court has already found that Plaintiffs' contentions regarding discrimination in the application of the examination for promotion eligibility are without merit. Further, the proposed new tort claims are barred by Plaintiffs' failure to file a timely written claim with the public entity. *See City of San Jose v. Superior Court*, 12 Cal.3d 447, 454 (1974) (holding that in "actions for damages against local public entities, the claims statutes require timely filing of a proper claim as condition precedent to the maintenance of the action.") Compliance with the claims statutes is mandatory. *Farrell v. County of Placer*, 23 Cal.2d 624, 630 (1944). Failure to file a claim is fatal to the cause of action. *Johnson* v. *City of Oakland*, 188 Cal. App. 2d 181, 183 (1961). The Court finds the proposed new claims are without substantial merit and therefore that amendment would be futile. *See Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Service Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). Accordingly, the motion to amend is DENIED on this basis as well.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion for summary judgment and DENIES Plaintiff's motion for leave to file a second amended complaint. A separate judgment shall issue and the Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March 29, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE