IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK JOHNSON, FRANCO S. CALZOLAI, and MICHAEL R. BRYANT,<br><br>    Plaintiffs,<br><br>  v.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO, THE CIVIL SERVICE COMMISSION OF SAN FRANCISCO, and THE SAN FRANCISCO FIRE DEPARTMENT,<br><br>    Defendants.<br>_____/ | No. C 09-05503 JSW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

Now before the Court is the motion for summary judgment filed by the City and County of San Francisco ("the City"). The Court finds this matter suitable for disposition without oral argument. *See* N.D. Cal. Civ. L.R. 7-1(b). Accordingly, the hearing set for February 19, 2016 is VACATED. Having carefully reviewed the parties' papers and considered their arguments and the relevant authority, and good cause appearing, the Court hereby DENIES the City's motion for summary judgment.[1]

---

[1] The Court DENIES Plaintiffs' motion to strike the late-filed Exhibit C to the declaration of Jonathan Rolnick as the delay was inadvertent error and caused no prejudice. The Court GRANTS Plaintiffs' administrative motion to file under seal. The Court GRANTS Plaintiffs' motion for leave to file written responses to Defendants' evidentiary objections made on reply.

**BACKGROUND**

Plaintiffs Mark Johnson, Franco S. Calzolai, and Michael R. Bryant ("Plaintiffs") filed suit claiming their rights under the United States Constitution and state law were violated when they were denied promotions to Battalion Chief in the San Francisco Fire Department due to their performance on a Civil Service examination for the position ("the H-40 examination"). Plaintiffs claim the administration of the H-40 examination resulted in disparate impact against African Americans.

This Court granted summary judgment in favor of the City by order dated March 29, 2012. On appeal, the Ninth Circuit Court of Appeals affirmed that order in part and reversed in part. The Ninth Circuit reversed and remanded for further consideration of Plaintiff's claims for disparate impact discrimination in violation of 42 U.S.C. section 1981, Title VII of the Civil Rights Act of 1964 ("Title VII"), and the California Fair Employment and Housing Act ("FEHA"). (Memorandum of U.S. Court of Appeals, Docket No. 138 ("Memo"), at 4-5, citing remaining claims 1, 3, and 4.)

The Court shall address specific, additional facts as necessary in the remainder of this order.

**ANALYSIS**

**A.     Legal Standard Applicable to Motion for Summary Judgment.**

A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997).

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. An issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A fact is "material" if it may affect the outcome of the case. *Id.* at 248. If the party moving for summary judgment does not have the ultimate burden of persuasion at trial, that party must produce evidence which either negates an essential element of the non-moving party's claims or that party must show that the non-moving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party meets its initial burden, the non-moving party must go beyond the pleadings and, by its own evidence, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

In order to make this showing, the non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). In addition, the party seeking to establish a genuine issue of material fact must take care adequately to point a court to the evidence precluding summary judgment because a court is "'not required to comb the record to find some reason to deny a motion for summary judgment.'" *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) (quoting *Forsberg v. Pacific Northwest Bell Telephone Co.*, 840 F.2d 1409, 1418 (9th Cir. 1988)). If the non-moving party fails to point to evidence precluding summary judgment, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

**B.     Purposeful Discrimination Claim is Dismissed.**

The parties agree and the Ninth Circuit already ruled that there is insufficient evidence to create a triable issue of fact as to the intent element of Plaintiffs' original claim for purposeful discrimination under 42 U.S.C. section 1981. (*See* Memo at 5-6 (citing *Vasquez v. County of Los Angeles*, 349 F.3d 634, 640 (9th Cir. 2003).) Accordingly, the City's motion for summary judgment is GRANTED as to this claim.

**C.    Questions of Fact Remain on Disparate Impact Claims.**

On remand, the Ninth Circuit tasked this Court to make a determination, among other things, "whether a statistically significant disparity resulted from the eligibility criteria challenged by Plaintiffs." (*See* Memo at 5 (citing *Contrares v. City of Los Angeles*, 656 F.2d 1267, 1272-74 (9th Cir. 1981)).)

A claim for disparate impact discrimination challenges "employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity." *Int'l Brotherhood of Teamsters v. United States*, 431 U.S. 324, 335 n.15 (1977); *see also Guz v. Bechtel National, Inc.*, 24 Cal. 4th 317, 354 (2000) (finding that California courts will look to pertinent federal precedent when applying state discrimination statutes). In order to establish a prima facie claim of disparate impact discrimination, a plaintiff must identify the employment practice challenged, show disparate impact on a protected group, and prove causation with respect to each challenged practice. *See Wards Cove Packing Co. v. Antonio*, 490 U.S. 642, 656-58 (1989). The distinctly factual issue of demonstrating that any particular employment practice impacts a protected class in a significant manner depends on statistical disparities and competing explanations for those disparities. "The statistical analysis must show a disparity that is 'sufficiently substantial' as to 'raise such an inference of causation.'" *Paige v. California*, 291 F.3d 1141, 1145 (9th Cir. 2002) (citing *Watson v. Fort Worth Bank & Trust*, 487 U.S. 977, 994 (1988)).

At this procedural posture, the Court cannot find that the analyses performed by both of the parties' experts resolves the claims as a matter of law. The timing, scope, and methodology of the respective parties' experts create factual matters which remain the subject of reasonable and significant dispute. *See Int'l Brotherhood,* 431 U.S. at 33-40 (holding that the probative value of statistics must be examined in light of the totality of the circumstances). The Court cannot grant summary judgment on this record. *See Chuang v. U.C. Davis*, 225 F.3d 1115, 1124 (9th Cir. 2000) ("As a general matter, the plaintiff in an employment discrimination action need produce very little evidence in order to overcome an employer's motion for summary judgment.

4

This is 'because the ultimate question is one that can only be resolved through a searching inquiry – one that is most appropriately conducted by a fact finder, upon a full record."); *see also McGinest v. GTE Service Corp.*, 360 F.3d 1103, 1112 (9th Cir. 2004) ("In evaluating motions for summary judgment in the context of employment discrimination, we have emphasized the importance of zealously guarding an employee's right to a full trial, since discrimination claims are frequently difficult to prove without a full airing of the evidence and an opportunity to evaluate the credibility of the witnesses.").

Further, and also precluding summary judgment, the Court finds that the record is replete with disputed facts regarding whether the H-40 examination was a valid and job-related selection process. Although Defendants may justify a challenged selection device as a business necessity by showing that it is significantly job-related, this process of validation is primarily a question of fact. *See, e.g., Ass'n of Mexican-American Educators v. California*, 231 F.3d 572, 584-85 (9th Cir. 2000) ("The question whether a test has been validated is primarily a factual question, which depends on underlying factual determinations regarding the content and reliability of the validation studies that a defendant utilized."). On the current record, the Court finds there are disputed issues of fact regarding the validation of the H-40 examination process.

Upon careful review of the record and the experts' reports, the Court finds that there remain questions of fact regarding the claims which preclude the Court from granting the remainder of Defendants' motion. Accordingly, it is DENIED.

## CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Defendants' motion for summary judgment. The Court shall conduct a further case management conference on April 1, 2016 at 11:00 a.m. The parties shall submit a joint case management statement by no later than March 25, 2016.

**IT IS SO ORDERED.**

Dated: February 8, 2016

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE