IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK JOHNSON, FRANCO S. CALZOLAI, and MICHAEL R. BRYANT,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO, THE CIVIL SERVICE COMMISSION OF SAN FRANCISCO, and THE SAN FRANCISCO FIRE DEPARTMENT,<br><br>Defendants. | No. C 09-05503 JSW<br><br>**ORDER RE THRESHOLD LEGAL ISSUES** |

Now before the Court is the motion filed by Mark Johnson, Franco S. Calzolai, and Michael R. Bryant ("Plaintiffs") to resolve threshold legal issues. On January 23, 2017, this Court ordered that the parties brief threshold legal issues they deemed necessary for resolution prior to continued mediation of this matter. Pursuant to the Court's order, the parties identified specific threshold issues, the determination of which may enable further productive settlement discussions.

Plaintiffs filed suit claiming their rights under the United States Constitution and state law were violated when they were denied promotions to Battalion Chief in the San Francisco Fire Department due to their performance on a Civil Service examination for the position ("the H-40 examination"). Plaintiffs claim that the administration of the H-40 examination resulted

in disparate impact against African Americans.

A claim for disparate impact discrimination challenges "employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity." *Int'l Brotherhood of Teamsters v. United States*, 431 U.S. 324, 335 n.15 (1977); *see also Guz v. Bechtel National, Inc.*, 24 Cal. 4th 317, 354 (2000) (finding that California courts will look to pertinent federal precedent when applying state discrimination statutes). In order to establish a *prima facie* claim of disparate impact employment discrimination, a plaintiff must: (a) identify the specific challenged employment practice; (b) show disparate impact on a protected group of which the plaintiffs are a member; and (c) prove causation with respect to each challenged practice. *Wards Cove Packing Co. v. Atonio*, 490 U.S. 642, 656-58 (1989). To establish the second element, a plaintiff must show by statistical evidence that the challenged employment practice selected members of the protected class "in a proportion smaller than their percentage in the pool of applicants." *Robinson v. Adams*, 847 F.2d 1315, 1318 (9th Cir. 1988). The issue of demonstrating that any particular employment practice impacts a protected class in a significant manner depends on statistical disparities and competing explanations for those disparities. "Statistical evidence may be probative where it reveals a disparity so great that it cannot be accounted for by chance, . . . to state it in other words, the statistical disparities must be sufficiently substantial that they raise . . . an inference of causation." *Waisome v. Port Authority of New York and New Jersey*, 948 F.2d 1370, 1375 (2d Cir. 1991) (citations omitted). To make out a case that a hiring or promotion practice was discriminatory, a plaintiff may submit evidence of "discriminatory motive or by offering statistical or other evidence from which it may be fairly inferred as more likely than not that the practice had a discriminatory or disparate impact." *Guinyard v. City of New York*, 800 F. Supp. 1083, 1088 (E.D. N.Y. 1992) (citing *Waisome*, 948 F. 2d at 1374-75).

Plaintiffs contend that the Defendant City and County of San Francisco ("City") denied them promotions to H-40 Battalion Chief and that, as a matter of law, the appropriate statistical snapshot for assessing the alleged disparate impact should include only promotions made on or

2

before the filing of this lawsuit. Plaintiffs further contend that statistical analysis should exclude, as a matter of law, all H-40 Battalion Chief candidates who had retired prior to the filing of this action. The City disputes both contentions. The Court finds that the threshold legal issues are, practically, the same – that is, should the statistical analysis adjudicating the calculations of disparate impact be determined at the time of the filing of the lawsuit, or instead at some other, later date. The Court finds that the determination of disparate impact should be measured at the time of eligibility for promotion and commencing at the initiation of the lawsuit. Subsequent appointments or retirement prior to commencement of the litigation do not factor in the statistical analysis. Accordingly, Plaintiffs' motion is GRANTED.

"In considering claims for disparate impact under [Title VII, the United States Supreme] Court has consistently focused on employment and promotion requirements that create a discriminatory bar to *opportunities*. This Court has never read [Title VII] as requiring the focus to be placed instead on the overall number of minority or female applicants actually hired or promoted." *Connecticut v. Teal*, 457 U.S. 440, 450 (1982) (emphasis in original). The Supreme Court specifically held that they were not suggesting that "by promoting a sufficient number of the black employees who passed the examination, the employer could avoid [its] burden." *Id.* at 450. "The suggestion that disparate impact should be measured only at the bottom line ignores the fact that Title VII guarantees these individual respondents the *opportunity* to compete equally with white workers on the basis of job-related criteria." *Id.* at 451 (emphasis in original). The vantage for assessing the opportunity for promotion can be measured by Plaintiffs at the time of filing of their complaint. Further, the possibility that any particular individual may later have been promoted overlooks the potential damage incurred by the delay in employment advancement. *See Guinyard*, 800 F. Supp. at 1088-89 ("Discrimination may be present at each step in the promotion process. Moreover, a delay in promotion may itself result in injury. . . . Even for those who were [eventually] promoted, an illegal delay in promotion may still result in lost wages, benefits, and other types of injuries.")

Similarly, in this Circuit, where postal workers directed their challenge to the intermediate screening stage as the basis of their disparate impact claims, the "nonadverse

3

results of the ultimate promotion decisions cannot refute a prima facie case of disparate impact at the dispositive interview selection stage." *Stout v. Potter*, 276 F.3d 1118, 1122 (9th Cir. 2002) (citing *Teal*, 457 U.S. at 452). "Whether disparate impact was shown must address the results of the interview screening decision, not simply the bottom line promotion decisions." *Id.* Similarly, here, Plaintiffs challenge the administration of the H-40 examination and claim that the test resulted in disparate impact for opportunities to promotion against African Americans. Plaintiffs have the burden to demonstrate, using statistics amassed at the time of filing suit, that the challenged employment practice selected members of the protected class "in a proportion smaller than their percentage in the pool of applicants." *See Robinson*, 847 F.2d at 1318.

For the same reasons, the pool from which the statistics are measured must accurately represent the facts at the time Plaintiffs filed suit. *See Gonzales v. Police Dep't of City of San Jose*, 901 F.2d 758, 761 (9th Cir. 1990) (holding that in a long line of Title VII cases, "other circuits have recognized that the fact that improvements or advancements undertaken after lawsuits have been initiated drastically reduced the probative value of such evidence.") Accordingly, the statistical sampling may not account for candidates who were promoted after the lawsuit was filed nor those who were no longer in the position to receive a promotion by virtue of having already retired. The statistical analysis must accurately reflect the factual status at the time the lawsuit was filed.

For the foregoing reasons, the Court GRANTS Plaintiffs' motion on the threshold legal issues. The Court HEREBY REFERS this matter back to Magistrate Judge Westmore to conduct a further settlement conference within 120 days from the date of this Order.

**IT IS SO ORDERED.**

Dated: April 13, 2017

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4